UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| ANTHONY MICOLUCCI, R.PH., <br><br> Plaintiff, <br><br> v. <br><br> WALMART STORES, INC., <br><br> Defendant. | Civil Action No. |

**COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, Anthony Micolucci, R.Ph. ("Micolucci"), by and through undersigned counsel, and complains against the Defendant, Walmart Stores, Inc. ("Walmart"), as follows:

**INTRODUCTION**

Anthony Micolucci is a conscientious pharmacist who considers it his duty to practice pharmacy to the highest standard when caring for his customers. Micolucci worked as Staff Pharmacist at Walmart Store No. 1172 in Jacksonville from August 5, 1991 until the date he was fired on April 23, 2020. At all times relevant hereto, Micolucci practiced pharmacy in accordance with Walmart policy and applicable laws, rules and regulations. As alleged in his Charge of Discrimination, Micolucci was unlawfully fired by Walmart because of his age and replaced with a younger pharmacist. The reason given by Walmart for firing Micolucci was "improper patient counseling" in violation of Walmart policy. This

1

reason is false and pretextual to the real reason, Micolucci's age. Micolucci's date of birth is May 17, 1959. Throughout Micolucci's career at Walmart, he was never disciplined for deficient patient counseling practices. In other words, he counseled patients consistent with Walmart policy, applicable laws, and the practice used by other Walmart pharmacists. In fact, younger pharmacists who counseled patients the same way Micolucci did were not fired and remain employed today. As a result of Walmart's unlawful and discriminatory actions, Micolucci has suffered damages.

## JURISDICTION AND PARTIES

1. This action arises under the Age Discrimination and Employment Act (ADEA), 29 U.S.C. §621, et seq.; and for violations of the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 et seq.; and such other laws, rules and regulations as may apply to the facts alleged in this Complaint.

2. Micolucci is a United States citizen residing in Jacksonville, Florida. His date of birth is May 17, 1959. On the day he was fired, April 23, 2020, he was 60 years and 11 months old.

3. Walmart Stores, Inc. acted as a retail pharmacy employer in the United States, including the Walmart Pharmacy located at 13490 Beach Boulevard, Jacksonville, Florida, where Micolucci practiced pharmacy for over 28 years.

4. Walmart employs tens of thousands of pharmacists throughout the country and millions of employees worldwide. It is one of the largest, if not the

largest private employer in the world. Walmart has an extensive network of pharmacies.

5. Walmart has well in excess of 500 employees for purposes of jurisdiction and damage caps in civil rights laws under both state and federal statutes.

6. The amount in controversy in this matter far exceeds $75,000.

7. This Court has subject matter jurisdiction over Micolucci's claims pursuant to 28 U.S.C. §1331, 1332 and 1367.

8. Micolucci has exhausted his administrative remedies with respect to all claims set forth in this Complaint and has preserved the same. Micolucci filed a timely Charge of Discrimination and received a Notice of Right to Sue letter from the EEOC on November 2, 2021.

## JURY TRIAL REQUESTED

9. Micolucci requests a trial by jury for all claims and issues for which a jury is permitted.

## FACTUAL ALLEGATIONS

10. Micolucci earned a Bachelor of Science degree in Pharmacy after completing a five year program at the University of Florida College of Pharmacy in May of 1982.

11. Micolucci began working for Walmart on August 5, 1991 and was fired on April 23, 2020. Micolucci's pharmacist position remained after he was fired. Micolucci was replaced by a younger pharmacist.

12. Throughout Micolucci's career with Walmart until 2020, he received a "solid performer" performance evaluation consistently. In the last few months of Micolucci's employment, Walmart was motivated by his age in regards to its assessments of him and actions against him.

   a. Micolucci was refused requested work shifts that were then given to younger pharmacists with less seniority;

   b. Micolucci was fired for allegedly violating Walmart's counseling policy when younger pharmacists were "coached" and not fired; and,

   c. Micolucci was one of the "40% of senior pharmacists" referenced by Walmart in its published plan to reduce costs.

13. Walmart claims that it promotes "respect for the individual, personal integrity, and service to the customer" as values in its employees. At all times, Micolucci has adhered to these standards and has demonstrated his dedication to Walmart's core values. Micolucci was fired for an alleged violation when a younger pharmacist was coached, a clear violation of Walmart's stated core values.

14. In the months prior to being fired, a new Health and Wellness Market Director, Joel Frazier, was assigned to Micolucci's pharmacy. Immediately thereafter, Frazier made statements and took actions that made it evident to Micolucci that he was looking for a reason to fire Micolucci. It was evident to Micolucci that Frazier intended to fire older pharmacists and replace them with younger pharmacists.

15. Micolucci was not given an opportunity to defend or explain his practice, or the opportunity to correct any error or alleged deficiency prior to being fired. Micolucci was not given a copy of the policy he allegedly violated, the opportunity to review the alleged "video" proving he improperly counseled patients, or otherwise engage in "coaching for improvement" as required by Walmart policy. Micolucci was summarily fired in violation of Walmart policy and state and federal laws prohibiting discrimination.

16. Micolucci denies having violated any Walmart policy regarding counseling patients and asserts that he regularly counseled customers on a daily basis. Based on Micolucci's observation of younger Walmart pharmacists practicing pharmacy, the younger pharmacists filled prescriptions and counseled patients where necessary in the exact same manner as did Micolucci. The younger pharmacists were not fired.

17. On information and belief, based on Micolucci's observation and experience throughout his 28 year career with Walmart, the stated reason of "improper patient counseling" is a pretext to the real reason he was fired – his age, over 60 years old.

18. As a result of being unlawfully fired, Micolucci has suffered economic damages, reputation damages, emotional distress, pain and suffering, and such other and further damages as shall be proven at the trial of this case. As of the date of this Complaint, Micolucci has not found comparable employment in his

profession. Although he has mitigated his damages by working when work is available, he has not fully recovered financially from Walmart's unlawful actions.

19. Walmart acted intentionally, with malice, and with a reckless indifference to Micolucci's rights.

## COUNT I:  FLORIDA AGE DISCRIMINATION

20. Paragraphs 1 through 19 are incorporated herein by reference.

21. Micolucci has been subjected to unlawful age discrimination in violation of the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01 *et seq*.

## COUNT II:  ADEA VIOLATION

22. Paragraphs 1 through 21 are incorporated herein by reference.

23. Micolucci has been subjected to unlawful age discrimination in violation of the ADEA.

## PRAYER FOR RELIEF

24. Micolucci respectfully requests that the Court grant the following relief:

   A.   Declare the conduct engaged in by Walmart to be a violation of his rights;

   B.   Enjoin Walmart, its agents, successors, employees, and those acting in concert with it from continuing to violate Micolucci's rights;

   C.   Order Walmart to employ Micolucci in his former position;

D. Award Micolucci equitable relief in the form of back pay, benefits and pre-judgment interest;

E. Award Micolucci lost future earnings as a result of Walmart's unlawful action as determined at trial;

F. Award Micolucci compensatory damages in an amount to be determined at trial;

G. Award Micolucci punitive damages in an amount to be determined at trial;

H. Award Micolucci civil penal damages in an amount to be determined at trial;

I. Award Micolucci liquidated damages in an amount to be determined at trial;

J. Award Micolucci his attorney fees, including legal expenses and costs;

K. Award Micolucci pre-judgment interest;

L. Award Micolucci such other and further relief as may be just, proper and equitable.

Dated this 13th day of January, 2022.

        Respectfully submitted,

        By: /s/ Donna V. Smith
**Donna V. Smith**
Florida Bar No.: 661201
Wenzel Fenton Cabassa P.A.
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-386-0995
Facsimile No.: 813-229-8712
Email: dsmith@wfclaw.com
Email: rcooke@wfclaw.com

and

By:/s/ Richard E. Fradette, Esquire
**Richard E. Fradette, Esquire**
NH Bar No. 844
FRADETTE LAW OFFICE, PLLC
91 Bay Street
Manchester, NH 03104
Phone: (603) 493-3827
Email: rick@fradette.net
*Pro Hac Vice Pending*

**Attorneys for Plaintiff**

8